IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LEONARDO LAGO-PLANAS,

        Plaintiff,

                                    Civil Action No.  3:09-CV-2075-G-BK

v.

OFFICER RUSSELL CROCKER, et al.,

        Defendants.

## FINDINGS, CONCLUSION, AND RECOMMENDATION

The District Court assigned this case to the undersigned for pretrial management. The cause is now before the Court for a recommendation on Defendants' *Motion for Summary Judgment* (Doc. 59) and Plaintiff's *Motion for Expunction of Criminal Records* (Doc. 57). For the reasons set forth below, Defendants' *Motion for Summary Judgment* should be **GRANTED** (Doc. 59), and Plaintiff's *Motion for Expunction of Criminal Records* should be **DENIED**.

### I.  BACKGROUND

This is a *pro se* civil action filed under 42 U.S.C. § 1983 by Plaintiff against two Dallas police officers, Russell Crocker and Chris Papalexis. (Doc. 1 at 1, 4). In his complaint and magistrate questionnaire response, Plaintiff alleged that in February 2009, he was wrongfully arrested for public intoxication and resisting arrest after he called the police to assist him in obtaining a copy of a tax form from his prior employer.[1] (Doc. 1 at 4; Doc. 12 at 2, 11, 15). Plaintiff charged that Defendants beat and "maced" him following his arrest and used abusive language towards him. (Doc. 1 at 4; Doc. 12 at 15-18). Plaintiff raised claims for false arrest,

---

[1] Defendants state that while Plaintiff was charged with public intoxication and resisting arrest, he was not prosecuted on either charge. (Doc. 59 at 4).

use of excessive force, and denial of medical care against Officer Crocker, and for false arrest, excessive force, and unlawfully searching his vehicle against Officer Papalexis. (Doc. 1 at 4; Doc. 12 at 14-19). He also filed a motion seeking to expunge his arrest record, to which Defendants did not respond. (Doc. 57).

Defendants answered Plaintiff's complaint and asserted the defense of qualified immunity. (Doc. 20 at 7-8; Doc. 25 at 7-8). They now seek summary judgment, first arguing that judgment is proper as to Plaintiff's Fourth Amendment search and seizure and excessive force claims because (1) probable cause or reasonable suspicion existed for Plaintiff's detention and arrest, and (2) Defendants used reasonable force in arresting Plaintiff. (Doc. 60 at 2-5). In regard to Plaintiff's search and seizure claim, Defendants point to the supporting affidavits of themselves and Plaintiff's former co-worker, Billie Kinggard, who was present at Plaintiff's former place of employment at the time of the arrest. These affidavits reflect that prior to his arrest, Plaintiff was yelling and using profanity directed at Defendants and his former co-workers, refused to calm down, exhibited several signs of alcohol impairment, and was believed to be a danger, at which point Defendants had probable cause to arrest him for public intoxication. (*Id.* at 3; Appendix at 2, 5, 7). Defendants aver that because Plaintiff's car had to be towed off his former employer's property due to his arrest, they conducted a brief inventory search of its contents. (Appendix at 2, 5).

Defendants next demonstrate in their supporting affidavits that Plaintiff's injuries were not caused by any objectively unreasonable excessive force because Plaintiff repeatedly kicked the window of the patrol car and refused to stop, culminating in Defendants stopping the car, removing the struggling Plaintiff, and administering a one-second burst of pepper spray to his

2

face in order to gain his compliance. (Doc. 60 at 4; Appendix at 2, 5). Defendants next argue that even if they did violate Plaintiff's constitutional rights, they are entitled to qualified immunity because their conduct did not violate Plaintiff's clearly established constitutional rights to be free from excessive force. (Doc. 60 at 5-6).

Defendants also contend that they are entitled to summary judgment on Plaintiff's Fourteenth Amendment claim regarding the denial of medical care because they were not deliberately indifferent to a serious medical need of Plaintiff's and did not deny Plaintiff medical care. (Doc. 59 at 1-2; Doc. 60 at 5). Defendants' and a paramedic's supporting affidavits attest that Defendants called the paramedics to treat Plaintiff after he was pepper-sprayed, but Plaintiff refused treatment.[2] (Doc. 60 at 5; Appendix at 2, 5, 9). Defendants also aver that once they arrived at the jail, they gave Plaintiff water to wash off the pepper spray, placed him in a wheelchair to get him to the processing room, and then took him to the nurse's station. (Appendix at 2, 5). Plaintiff did not file a response to Defendants' summary judgment motions, despite being warned by the undersigned after the initial deadline had passed that his failure to do so could result in the dismissal of his case without further notice. (Doc. 63).

## II. APPLICABLE LAW AND ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party

---

[2] While Defendants also argue that they are not liable for Plaintiff's state law claims of assault, battery, false arrest, or false imprisonment, (Doc. 60 at 6-9), the Court does not read Plaintiff's complaint or questionnaire to raise such claims, so they need not be addressed.

3

moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). Unsubstantiated beliefs are not competent summary judgment evidence. *de la O v. Housing Authority of City of El Paso*, 417 F.3d 495, 502 (5th Cir. 2005). Further, the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quotation omitted).

Title 42 U.S.C. § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under section 1983, Plaintiff must allege facts that show that (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the Defendants were acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (citation omitted). The qualified immunity inquiry involves two prongs that the Court must answer affirmatively before an official is subject to liability: (1) whether the defendant's conduct violated a constitutional right, and (2) whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the violation. *Id.* at 816. A court can begin its assessment with either prong. *Id.* at 818 (*overruling in part Saucier v. Katz*, 533 U.S. 194 (2001)).

### A. Plaintiff's Claim for False Arrest

To prevail on a false arrest claim under section 1983, the arrestee must show that the officer did not have probable cause to arrest him. *See Haggerty v. Texas Southern University*, 391 F.3d 653, 655-56 (5th Cir. 2004). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.* at 655-56 (internal quotations omitted). Therefore, Defendants are entitled to qualified immunity if reasonable officers in their position could have believed, in light of the totality of the facts and circumstances of which they were aware, that there was a fair probability that Plaintiff was committing an offense. *Id.* at 656.

In this case, the undisputed evidence shows that Defendants had probable cause to arrest Plaintiff for public intoxication because he had the odor of alcohol on his breath, his eyes were bloodshot, he was unsteady on his feet, and he was acting dangerous. (Appendix at 1, 4). Thus, reasonable officers could have believed that there was a fair probability that Plaintiff was publicly intoxicated. *See* Tex. Penal Code § 49.02(a) (providing that a person commits the

5

offense of public intoxication if the person appears in a public place while intoxicated to the degree that the person may endanger himself or another). Accordingly, Defendants are entitled to qualified immunity on Plaintiff's claim of false arrest because Plaintiff has not demonstrated that the arrest violated his constitutional rights. *Pearson*, 129 S.Ct. at 816; *Haggerty*, 391 F.3d 655-56.

**B.     Plaintiff's Fourth Amendment Claim Stemming from the Car Search**

"[C]hallenges to the reasonableness of a search by government agents clearly fall under the Fourth Amendment." *Conn v. Gabbert*, 526 U.S. 286, 293 (1999). Police are permitted to conduct a thorough inventory search of a car lawfully in police custody as long as that search is consistent with the police caretaking function. *South Dakota v. Opperman*, 428 U.S. at 375-76 & n.10 (1976). Inventory searches are standard procedure throughout the country, and whether a particular search is unreasonable in violation of the Fourth Amendment depends on the facts of the case. *Id.* at 375. In Texas, the police may impound an automobile and conduct an inventory search if the driver has been placed under arrest and there is no other reasonable alternative available to ensure protection of the vehicle. *United States v. Privett*, 68 F.3d 101, 104 (5th Cir. 1995).

In this case, Defendants did not violate Plaintiff's constitutional rights to be free from an unreasonable search of his vehicle because they had arrested Plaintiff, and there is no evidence in the record to suggest that they had any alternative but to impound and tow the car, which was on his former employer's property without consent. (See Appendix at 2, 5) (Defendants' averments noting that Plaintiff's former employer issued Plaintiff a criminal trespass warning on the day in question). Accordingly, Defendants are entitled to qualified immunity on Plaintiff's claim that

his car was illegally searched. *Pearson*, 129 S.Ct. at 816; *Opperman*, 428 U.S. at 375-76 & n.10.

C.   **Plaintiff's Claim for Use of Excessive Force During his Arrest**

Claims that police have used excessive force in the course of an arrest must be analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386, (1989). The protections of the Fourth Amendment extend to an arrestee until he becomes a pretrial detainee, which occurs after (1) the arrest is complete, (2) he has been released from the arresting officer's custody, and (3) he has been in detention awaiting trial for a significant period of time. *Valencia v. Wiggins*, 981 F.2d 1440, 1444 (5th Cir. 1993). The force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight. *Graham*, 490 U.S. at 396.

In this case, the undisputed evidence indicates that Defendants administered a brief shot of pepper spray to Plaintiff only after he repeatedly had refused to abide by their orders to stop kicking the inside of the police car. Further, when Defendants removed Plaintiff from the car, he struggled with them, providing further justification for their use of pepper spray. This minimal use of force was reasonably proportionate to Plaintiff's violent behavior and did not violate Plaintiff's Fourth Amendment rights. *Id.* Accordingly, Defendants are entitled to qualified immunity as to Plaintiff's excessive force claim. *Pearson*, 129 S.Ct. at 816.

D.   **Plaintiff's Claim Based on the Denial of Medical Care**

Deliberate indifference provides the applicable standard for measuring the duty owed by jailers to persons in pretrial custody who claim a violation of their Fourteenth Amendment rights based on the denial of medical care. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 648-49 (5th

Cir. 1996) (*en banc*). Deliberate indifference requires subjective intent to cause harm by an official with actual knowledge of the risk of injury. *Id.* at 649.

Here, the undisputed evidence in the record conclusively demonstrates that Defendants were not deliberately indifferent to Plaintiff's medical needs after he was pepper-sprayed. The affidavits show that Defendants called paramedics to examine Plaintiff following the pepper-spray incident, and Plaintiff refused treatment. Further, Defendants gave Plaintiff water to wash off the paper spray, and once Plaintiff was processed at the jail, Defendants took him to the nurse's station. (Appendix at 2, 5, 9). Because the undisputed evidence demonstrates that Defendants were not deliberately indifferent to Plaintiff's medical needs, they are entitled to qualified immunity on this claim. *Hare*, 74 F.3d at 648-49.

E. **Plaintiff's *Motion for Expunction of Criminal Records***

Plaintiff has filed a motion, pursuant to Chapter 55 of the Texas Code of Criminal Procedure, which allows for the expunction of state court arrest records. (Doc. 57). In addition to other requirements, Article 55.01 provides that a movant seeking expunction of his arrest record must show that:

> . . . (2) each of the following conditions exist:
>
> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:
>
> (i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or
>
> (ii) the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program . . . or because the

presentment had been made [despite] absence of probable cause at the time of the dismissal . . . or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending . . . and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest. . .

A federal court may grant expunction of criminal records under this section. *Garris v. Rowland*, 678 F.2d 1275-76 (5th Cir. 1982).

In this case, assuming solely for the sake of argument that Plaintiff has satisfied subsections (A), (B), and (C), he has not demonstrated that he has satisfied either subsection (A)(i) or (A)(ii). With regard to subsection (A)(i), Article 12.02 of the Texas Code of Criminal Procedure provides a two-year limitations period for misdemeanors, including public intoxication and resisting arrest. Tex. Penal Code §§ 12.21, 12.23, 38.03(c), 49.02(c). Plaintiff was arrested in February 2009, so his *Motion for Expunction* is premature because the statute of limitations for his misdemeanor arrests had not expired before he filed his expunction motion. With regard to subsection (A)(ii), Plaintiff has not submitted any information that would demonstrate that the indictment or information was dismissed or quashed because (1) he completed a pretrial intervention program, (2) there was no probable cause to support the indictment, or (3) the indictment or information was void. Accordingly, Plaintiff's *Motion for Expunction* (Doc. 57) should be **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is recommended that Defendants' *Motion for Summary Judgment* (Doc. 59) be **GRANTED** and Plaintiff's *Motion for Expunction of Criminal Record*

9

(Doc. 57) be **DENIED**.

      **SO RECOMMENDED** on January 19, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE